# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Keith Michael Roca, | Case No. 20-CV-1228 (DWF/KMM) |
| Plaintiff, | |
| v. | |
| Rebecca Church (d/b/a Assistant Winona County Attorney), Sara M. Carrels (d/b/a Guardian ad Litem Third Judicial District), and Alyssa Passehl (d/b/a Case worker for Winona County), | **REPORT AND RECOMMENDATION** |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff Keith Michael Roca's application for leave to proceed *in forma pauperis,* ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1).  (Doc. 2).  Mr. Roca challenges the loss of custody of his child via state court child custody proceedings.  Complaint (Doc. 1).  Typically, this Court considers the IFP application before any other action may be taken, however if a complaint contains an obvious jurisdictional defect, this Court must address jurisdiction first.  A question of subject-matter jurisdiction may be raised by the Court *sua sponte* at any time.  *Fort Bend Cty, Texas v. Davis*, 139 S.Ct. 1843, 1849 (2019).

Although Mr. Roca qualifies financially to proceed IFP, the undersigned recommends that his complaint be dismissed for lack of jurisdiction.  Federal district courts are courts of limited jurisdiction.  *Exxon Mobile Corp. v. Allapattah Servs. Inc.,* 545 U.S. 546, 551 (2005).  A district court may not exercise jurisdiction absent a

statutory basis. *Id.* Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Subject matter jurisdiction (or federal question jurisdiction) exists for any case or controversy arising under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Mr. Roca identifies three grounds for jurisdiction—28 U.S.C. § 1331 (federal question jurisdiction); 18 U.S.C. § 242 (criminalizing civil rights violations by state actors); and 28 U.S.C. § 144 (discussing procedures in federal district court if a party alleges that a judge is biased). Complaint (Doc. No. 1) at 3. He also generally alleges that he is entitled to have his child returned to his custody, and to have the state court "CHIPS" case[1] closed. Complaint at 5.

Mr. Roca's reliance on these statutes is misplaced. He can only rely on § 1331 for jurisdiction if he has a federal cause of action, and he does not identify one. Title 18 U.S.C. § 242 is a federal criminal statute with no right for a private citizen to raise or enforce it, so this does not provide a basis for jurisdiction. *See e.g. Nawrocki v. Bi-State Development*, 2018 WL 4562908 (E.D. Mo. Sept. 24, 2018) (cataloguing precedent across the country and concluding there is no private right of action for § 242).[2]

---

[1] "CHIPS" stands for child in need of protection or services.

[2] In order to determine whether a private right of action exists, a court must consider four factors: (1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether Congress intended, explicitly or implicitly, to create such a remedy; (3) whether a private remedy is consistent with the underlying legislative scheme; and (4) whether a private right based on a federal statute would interfere with an area relegated to state law. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408-09 (8th Cir. 1999). Although the Eighth Circuit has not explicitly examined whether there is a private right of action for § 242, factor

2

Additionally, § 144 does not create jurisdiction because it applies to federal district courts, whereas Mr. Roca complains of issues that arose in Minnesota state courts.

Setting aside the three purported federal sources of law, Mr. Roca's claims are also barred by the *Rooker-Feldman*[3] doctrine.  The *Rooker-Feldman* doctrine bars a federal court from considering any action that would be a "prohibited appeal of the state-court judgment."  *Ballinger v. Culotta*, 322 F.3d 546, 549 (8th Cir. 2003) (case dismissed for lack of jurisdiction under *Rooker-Feldman* where plaintiff sought to sue state actors regarding the outcome of child custody proceedings).  Stated differently, if a victory in federal court would undermine a state court judgment, then *Rooker-Feldman* prohibits a federal court from considering the case.  Mr. Roca runs headlong into *Rooker-Feldman* because he is asking this Court to invalidate Minnesota state court child custody proceedings by restoring custody of his child to him.  This Court cannot grant Mr. Roca this sort of relief.  Based on the foregoing analysis, there is no remaining jurisdictional basis, so this Court must recommend dismissal for lack of jurisdiction.

Based on the filings herein, **IT IS RECOMMENDED THAT**:

1. The case be hereby **DISMISSED WITHOUT PREJUDICE**.
2. The application to proceed *in forma pauperis* [ECF No. 2] be **DENIED** as moot.

---

three suggests that there should be no private right under § 242, because the same conduct is covered for a private citizen by the Civil Rights Act, 42 U.S.C. § 1983.  Therefore, a private citizen does not need access to § 242 in order to seek redress.

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Date: June 8, 2020                                s/ *Katherine Menendez*
                                                  Katherine Menendez
                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).